UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| COURTNEY MASON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 2:14-cv-00377-JAW |
| INTERCOAST CAREER INSTITUTE, | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**

After dismissing those counts that the Plaintiff concedes must be dismissed, the Court denies the rest of the Defendant's motion to dismiss and motion for more definite statement because the allegations in the complaint are sufficient to allow the Defendant to craft an answer and to withstand summary dismissal. Also, the lack of specificity in the complaint would be better remedied by discovery, and the potentially dispositive legal issues presented in the surviving counts would be better addressed in a motion for summary judgment.

**I.    BACKGROUND**

**A.    Procedural History**

On September 23, 2014, Courtney Mason filed a complaint in this Court, containing five counts: (1) retaliation under the Maine Whistleblower's Protection Act, (2) breach of contract, (3) retaliation under the False Claims Act, (4) First Amendment retaliation, and (5) Due Process retaliation. *Pl.'s Compl. for Breach of*

*Contract, Retaliation and Violation of Due Process* (ECF No. 1) (*Compl.*). On November 14, 2014, Intercoast Career Institute (Intercoast) filed a motion to dismiss the complaint and/or a motion for more definite statement. *Def.'s Mot. to Dismiss Compl. and/or Mot. for a [More] Definite Statement* (ECF No. 6) (*Def.'s Mots.*). Ms. Mason responded on December 12, 2014. *Pl.'s Mem. of Law In Opp'n to Def.'s Mot. to Dismiss* (ECF No. 11) (*Pl.'s Opp'n*). Intercoast replied on December 29, 2014. *Def.'s Reply Mem. of Law in Support of Mot. to Dismiss Compl. and/or Mot. for a [More] Definite Statement* (ECF No. 12) (*Def.'s Reply*).

### B. Dismissed Counts I and III

In her response to Intercoast's motions, Ms. Mason only opposed the dismissal of Count II – breach of contract, Count IV – First Amendment retaliation, and Count V – Due Process retaliation. *Pl.'s Opp'n* at 1. Ms. Mason did not object to the dismissal of Count I – the Maine Whistleblower Protection Act claim, and Count III – the retaliation under the False Claims Act claim. *Id.* at 1-10. In its reply, Intercoast urged the Court to dismiss Counts I and III. *Def.'s Reply* at 1. As Ms. Mason did not object to the dismissal of Counts I and III, the Court dismisses each count.

## II. THE ALLEGATIONS AND THEORIES OF ACTION IN THE COMPLAINT

### A. The Factual Allegations

Ms. Mason, a resident of Rochester, New Hampshire, was a student at Intercoast's for profit nursing school in Kittery, Maine beginning in October 2012. *Compl.* ¶¶ 1-6. Intercoast failed to provide her with the education, training or facilities that it had advertised and that are required by the Board of Nursing. *Id.* ¶

2

7. Ms. Mason complained about the conditions at Intercoast to the President and Director of Nursing, but her complaints went unanswered. *Id.* ¶ 8. Due to a lack of response from Intercoast, on November 23, 2013, Ms. Mason wrote a letter to the Maine Board of Nursing and on November 26, 2013, Andrea Gauntlet, Director of Nursing at Intercoast, called Ms. Mason into her office to discuss her letter to the Board of Nursing. *Id.* ¶¶ 9-10. On November 27, 2013, Intercoast expelled Ms. Mason. *Id.* ¶ 11. Ms. Mason believes she was expelled in retaliation for her complaints to Intercoast and to the Board of Nursing. *Id.* ¶ 12. Ms. Mason claims that Intercoast receives federal funds and that it uses those funds to train students according to federal and state regulations. *Id.* ¶¶ 25-26.

### B. The Counts

#### 1. Count Two: Breach of Contract

In Count Two, Ms. Mason alleges that she entered into a contract "whereby the Plaintiff paid tuition to Defendant in exchange for a professional work-like atmosphere with mature competent professionals to teach Plaintiff the skills she needed to become a nurse." *Id.* ¶ 21. She claims that Intercoast "breached the subject agreement by exposing Plaintiff to the environment described [in the Complaint] and then expelling her from the school." *Id.* ¶ 22.

#### 2. Count Four: First Amendment Retaliation

In Count Four, Ms. Mason says that to sustain a First Amendment retaliation claim, a plaintiff must show that (1) her speech was constitutionally protected, (2) she suffered adverse conduct that would likely deter a person of ordinary firmness

3

from engaging in such speech, and (3) there was a causal relationship between the adverse conduct and the protected speech. *Id.* ¶ 31. She alleges that her speech does not fall under any exception to the First Amendment's protection of speech, that Intercoast retaliated against her when it expelled her from the school for making a complaint to the Board of Nursing, and that expulsion would deter an ordinary person from engaging in such speech. *Id.* ¶¶ 32-34.

### 3. Count Five: Due Process Retaliation

In Count Five, Ms. Mason alleges that the "Fourteenth Amendment prohibits the states from depriving a person of life, liberty or property without due process of law." *Id.* ¶ 36. She says that she had a property interest in her continued enrollment in Intercoast's Nursing Program and she could not be deprived of that interest without due process. *Id.* ¶ 37. She claims Intercoast expelled her from the Nursing Program without due process, which should have at least required notice and some form of a hearing. *Id.* ¶ 38.

## III. THE PARTIES' POSITIONS

### A. Intercoast's Motions to Dismiss and/or for More Definite Statement

#### 1. Count Two: Breach of Contract

In its motion, Intercoast cites *Associated Builders, Inc. v. Coggins*, 1999 ME 12, 722 A.3d 1278, for the proposition that in order to state a breach of contract claim, "a Plaintiff must allege sufficient facts of the terms of the contract, the breach, and Plaintiff's performance or excuse from performance." *Def.'s Mot.* at 3. Characterizing Ms. Mason's allegations as "vague and ambiguous", Intercoast claims that Ms. Mason

4

has failed to "allege any material facts to satisfy each of these requirements." *Id*. Intercoast demands that Ms. Mason's Complaint either be dismissed or that she be required to make a more definite statement of the factual basis for each element. *Id*. at 3-4.

### 2. Count Four and Count Five: Constitutional Counts

Intercoast makes the same argument for both Counts Four and Five, namely that to bring a constitutional claim, a plaintiff must allege state action and there is no such allegation in the Complaint for either count. *Id*. at 5.

### B. Courtney Mason's Response

### 1. Count Two: Breach of Contract

In her response, Ms. Mason observes that the law has determined that the relationship between a university and a student "has [a] strong, albeit flexible, contractual flavor", and she argues that the terms of a student handbook may be the source of reciprocal rights and obligations. *Id*. at 3 (quoting *Dinu v. President and Fellows of Harvard Coll.*, 56 F. Supp. 2d 129, 130 (D. Mass. 1999)). She also notes that the district court in Maine observed that a student handbook may constitute the terms of a contract between a student and a college and, even in absence of express promises in a student handbook, that a court should evaluate the college's disciplinary decisions under an arbitrary and capricious standard. *Id*. at 3-4 (citing *Goodman v. Pres. and Trustees of Bowdoin Coll.*, 135 F. Supp. 2d 40, 58 (D. Me. 2001)). Based on these standards, Ms. Mason maintains that she has alleged sufficient facts to plead the existence of a valid contract between Intercoast and

5

herself. *Id.* at 4. Additionally, she contends that she has alleged facts sufficient to establish performance, specifically that she paid tuition to Intercoast in exchange for an education. *Id.* at 5. Finally, she argues that she has sufficiently alleged that Intercoast breached the contract by alleging that Intercoast failed to provide her with the education, training or facilities that it advertised and were required by the Board of Nursing, and that Intercoast expelled her for complaining about its education conditions. *Id.* at 4.

### 2. Counts Four and Five: Constitutional Counts

In further response, Ms. Mason says that courts have held that private universities engage in activities tantamount to governmental functions when they accept government funds to provide a higher education. *Id.* at 5-6 (citing *Buckton v. Nat'l Collegiate Athletic Assoc.*, 366 F. Supp. 1152 (D. Mass 1973)). Ms. Mason suggests that if her allegations are insufficient, she would move to amend the Complaint to allege additional facts about Intercoast's intertwining with state government. *Id.* at 7.

### C. Intercoast's Reply

Encouraged by Ms. Mason's concessions on Counts One and Three, Intercoast demands that the Court dismiss the remaining counts. *Def.'s Reply* at 1-4. Describing the breach of contract allegations in Count Two as "wholly insufficient", Intercoast argues that such vague allegations would allow any student to sue a vocational school any time the "environment" was unacceptable. *Id.* at 1.

Addressing Ms. Mason's opposition to the dismissal of her constitutional counts, Intercoast points out that in relying on *Buckton*, "the Plaintiff relies upon a District Court Decision, not an appellate decision." *Id.* at 2. They say that subsequent First Circuit law has eclipsed *Buckton*. *Id.* at 2-5 (citing *Logiodice v. Trs. of Me. Cent. Inst.*, 296 F.3d 22, 26-28 (1st Cir. 2002)).

## IV. DISCUSSION

### A. Legal Standards

#### 1. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." *Ocasio–Hernández v. Fortuño–Burset,* 640 F.3d 1, 7 (1st Cir. 2011). A court need not assume the truth of conclusory allegations, and the complaint must state at least a "plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). However, "[n]on-conclusory factual allegations in the complaint must . . . be treated as true, even if seemingly incredible." *Ocasio–Hernández,* 640 F.3d at 12. A court may not "attempt to forecast a plaintiff's likelihood of success on the merits". *Id.* at 13.

### 2. Motion for More Definite Statement Under Federal Rule of Civil Procedure 12(e)

Under Rule 12(e), a defendant may move for a more definite statement if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Rule 12(e) motions, however, are "not favored 'in light of the availability of pretrial discovery procedures.'" *Haghkerdar v. Husson Coll.*, 226 F.R.D. 12 (D. Me. 2005) (quoting *Cox v. Me. Mar. Acad.*, 122 F.R.D. 115, 116 (D. Me. 1988)). "Such motions are designed to strike at unintelligibility, rather than at lack of detail in the complaint and accordingly, properly are granted only when a party is unable to determine the issues he must meet." *Hawkins v. Kiely*, 250 F.R.D. 73, 74 (D. Me. 2008) (internal punctuation omitted).

### B. The Motion to Dismiss

Even though Ms. Mason could have been more forthcoming, in the Court's view, none of her claims is subject to summary dismissal by a motion to dismiss. The Court views the breach of contract count as alleging: (1) the formation of a contract between Ms. Mason and Intercoast, namely that in exchange for her payment of tuition, it would teach her how to be a nurse, (2) her performance of her end of the contract by paying tuition to Intercoast, and (3) Intercoast's breach of its obligation to teach her by failing to provide her with the proper education, training or facilities, and by expelling her before the end of the term.

It may well be that Intercoast is able to demonstrate that there is insufficient state action to allow Ms. Mason to proceed on her constitutional claims against it. The First Circuit decision in *Logiodice* declined to find state action in a case where

the school and the state seemed much more intertwined than appears at first blush here. *Logiodice*, 296 F.3d at 24 (describing Maine Central Institute (MCI) as serving as the local high school by contract with the local school administrative district). But significantly, the district court did not rule in favor of MCI in *Logiodice* on a motion to dismiss. *Id.* at 26. In fact, the district judge denied the motion to dismiss and granted the motion for summary judgment, leading to the appeal. *Id.*

Taking its cue from the First Circuit and district court in *Logiodice*, this Court declines to issue a dispositive ruling in favor of Intercoast at this early stage. Instead, it is preferable to allow the parties to engage in discovery and frame the legal issues in a motion for summary judgment.

### C. The Motion for More Definite Statement

In their treatise, Professors Wright and Miller describe two situations where a motion for a more definite statement may properly be granted. 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004) (WRIGHT & MILLER). One is where the higher pleading requirements under Rule 9(b), applicable to a complaint alleging fraud or mistake, apply. *Id.* (FED. R. CIV. P. 9(b) ("the circumstances constituting fraud or mistake shall be pleaded with particularity")). The other is where there are possible "threshold defenses to the claim for relief." *Id.* The most obvious is to ferret out the date of an alleged event in order to determine whether there is a proper statute of limitations defense. *See Oresman v. G.D. Searle & Co.*, 321 F. Supp. 449, 458 (D.R.I. 1971) ("The date of the alleged stroke should be alleged in order that defendant may plead the statute of

9

limitations if it be applicable"). Even so, Professors Wright and Miller warn that "there should be a bias against the use of the Rule 12(e) motion as a precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold defense." WRIGHT & MILLER § 1376.

Here, in the Court's view, there is nothing to be gained by forcing the Plaintiff to make a more definite statement of her claim in her Complaint. Whether Ms. Mason and Intercoast entered into a contract, whether the contract was written or oral, whether there was a student handbook, whether the student handbook contained language that affected her expulsion, are just some of the factual questions that will be in play in this case on the breach of contract count. Similarly, what type of institution of higher education Intercoast is, whether it receives federal or state funding, whether it meets the *Logiodice* tests are just some of the factual questions that will be in play in this case on the constitutional claims. To order the Plaintiff to describe the underlying facts in this circumstance would serve no useful purpose.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part Intercoast Career Institute's Defendant's Motion to Dismiss Complaint and/or Motion for a [More] Definite Statement (ECF No. 6). The Court GRANTS the Defendant's Motion to Dismiss as to Counts I and III of the Complaint and the Court DENIES the Defendant's Motion to Dismiss the remaining Counts. The Court DENIES the Defendant's Motion for More Definite Statement.

SO ORDERED.

/s/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2015